## THE HURON.

(Circuit Court of Appeals, Third Circuit. February 1, 1922.)

### No. 2717.

**Maritime liens ⊂⇒23—A boom to replace an efficient one already on a dredge held not a "necessary."**

A "necessary," the furnishing of which gives the right to a lien, must be something required for the proper equipment of the vessel, and a boom furnished to a dredge on order of the charterer to take the place of a shorter one with which the dredge was then equipped, and which was equally efficient for her use, *held* not a "necessary," entitling the furnisher to a lien under Act June 23, 1910, § 1 (Comp. St. § 7783), though under the charter party the charterer may have been required to equip

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the vessel with a longer boom before she was returned, to place her in the same condition as when received.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Necessary.]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Suit in admiralty by the Delanco Shipbuilding Company against the barge Huron; the Thompson-Lockhart Company, owner. Decree for respondent, and libelant appeals. Affirmed.

For opinion below, see 271 Fed. 781.

Willard M. Harris, of Philadelphia, Pa., for appellant.

Lewis, Adler & Laws, of Philadelphia, Pa. (Otto Wolff, Jr., of Philadelphia, Pa., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case concerns the furnishing to a dredge of a derrick boom at the instance of the charterer. The libelant claims a lien by virtue of section 1 of the act of Congress of June 23, 1910 (Comp. St. § 7783), which gives one to "any person furnishing repairs, supplies, or other necessaries," etc. The question here involved is one of fact, namely, whether under the circumstances of the case, the derrick boom furnished was a necessity to the dredge, for, as said by the Supreme Court in a case arising under this statute (Piedmont Coal Co. v. Seaboard Fisheries Co., 254 U. S. 9, 41 Sup. Ct. 1, 65 L. Ed. 97), "because the ship's need was the source of the maritime lien, it could arise only if the repair or supplies were necessary." In The Plymouth Rock, Fed. Cas. No. 11,237, it was said by Mr. Justice Hunt, " 'Necessity' is a relative term;" and by Judge Benedict in the same case at nisi prius (No. 11,235):

"In order to bring an article within the description of necessaries for a vessel, it need not appear that the voyage could not by any possibility be made without such article. It is sufficient, if the article form part of the natural and reasonable outfit of a vessel for the business in which she is engaged."

Applying these recognized legal admiralty principles to the present case, we inquire: "Was the derrick boom furnished by the libelant a necessity to the dredge?" As a general proposition, unquestionably so, for a derrick is necessary to the operation of a dredge, and a boom to the use of a derrick. But, while this is the general fact, it is the further fact in the present case that, when the libelant furnished this boom, the dredge had a derrick, and the derrick also had a boom suitable for dredge operation, and the uncontradicted testimony is the derrick provided with this boom had been operated for some 11 months. What the libelant did was to replace the old boom, and take its fittings and use them on the new boom, which it furnished. There is no dispute as to the fact that the second or 45 to 50 foot boom had been in use on the dredge for about 11 months, nor any testimony or even suggestion that the dredge's efficiency was in any way lessened by such length of boom, it would therefore seem the court below was justified in finding, as it did, that the new boom was not a dredge necessity.

This dredge necessity libelant attempts to establish on the theory that the new boom was a necessity, not from the standpoint of the efficiency of the dredge, but from the standpoint of the obligations of the charter party of the dredge as to the condition in which the charterer was bound by his contract to return it to the owner. This all-important difference of lien foundation is clear from the circumstances of the case. When the dredge was delivered to the charterer in May, 1918, its derrick was equipped with a boom 63 or 65 feet long, and the charterer agreed to—

"accept said dredge in her present condition and to return her to the party of the first part in as good a condition at the termination of the charter as when delivered hereunder, and further agrees to be responsible for and make good any and all loss or damage, partial or total, occurring to said dredge from any cause whatsoever, perils of the sea and rivers and accidents not excepted, until her redelivery to the party of the first part upon the termination of this charter as hereinafter provided."

Ten or 11 months thereafter this 63 or 65 foot boom was broken, and the charterer then replaced it with a boom 45 or 50 feet long. While, of course, this new boom was shorter, and to that extent lessened the former reach of the longer boom, it is not contended that it rendered the dredge inefficient. Presumably it did not, for it was used for about 11 months, and bade fair to be equally effective as a proper dredge equipment in the future. From the standpoint, therefore, of necessary derrick equipment, the dredge was under no necessity to have this second or working 45 or 50 foot boom taken out and replaced by a longer one. The necessity for it arose from the charterer's quoted covenant to return the barge in its original condition. But this contract obligation, and therefore contract necessity, was not a need of the vessel as a vessel, and while, as between the owner and the charterer, the contract necessity compelled the charterer to replace the working 45 or 50 foot boom with a boom as long as the original boom, it did not create a vessel necessity on the part of the vessel to require such a replacement in order to make the dredge effective.

Such being the case, the furnishing of this extra boom was not a necessity of the dredge, but was a nonnecessity so far as making the dredge efficient was concerned.

Finding no basis of boom necessity upon which to create a lien, the court below rightly dismissed the libel.